IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD M. McALISTER,

               Plaintiff,

vs.                                         Case No. 21-3258-SAC

ANDREW DEDEKE and
LT. ERIC THORNE,

               Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Leavenworth County Jail. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

Pardus, 551 U.S. 89, 94 (2007).  Nevertheless, a pro se litigant must follow the same rules of procedure as any other litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf."  Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff.  United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009).  The court may also consider the exhibits attached to the complaint.  Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim.

Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

A viable § 1983 claim must establish that each defendant caused a violation of plaintiff's constitutional rights. Walker v. Mohiuddin, 947 F.3d 1244, 1249 (10th Cir. 2020)(quoting Pahls v. Thomas, 718 F.3d 1210, 1228 (10th Cir. 2013)).

> Plaintiffs must do more than show that their rights were violated or that defendants, as a collective and undifferentiated whole, were responsible for those violations. They must identify specific actions taken by particular defendants, or specific policies over which particular defendants possessed supervisory responsibility…

Id. at 1249-50 (quoting Pahls); see also, Robbins v. State of Oklahoma, 519 F.3d 1242, 1250 (10th Cir. 2008)("a complaint must make clear exactly who is alleged to have done what to whom").

II. The complaint

Plaintiff alleges that on October 24, 2021, he was attempting to break up a fight in the jail when he was assaulted and injured by "the attacker," an inmate named Eric Brown. Plaintiff asserts that "[t]he Leavenworth County Jail facility [and] staff members [were] fully aware of Mr. Eric Brown['s] pas[t] behaviors of violence and aggression against other inmates." The complaint states that Brown has "several mental health issues" that the jail knew or should have known about if it had a mental health program, and that Brown had several "infractions" with other inmates causing them to refuse to lock down in the same cell as Brown. Plaintiff

alleges that jail staff have a duty to inform the jail commander of incidents of fighting.

Plaintiff names two defendants: Andrew Dedeke, the Sheriff of Leavenworth County, and Lt. Eric Thorne, the jail commander. He alleges claims under the Eighth and Fourteenth Amendments. The main claim appears to be that defendants failed to protect plaintiff from assault and battery. The complaint also mentions a denial of "equal protection" and "proper medical care," although it fails to describe discrimination or a denial of medical care in any detail whatsoever.

Plaintiff asks for monetary relief for the injuries caused "due to the negligence of [the] no 'mental healthcare' service, [and] their policy of how to handle such behavior." The complaint alleges that a fingernail piece was removed from plaintiff's right eye which might cause vision loss and that plaintiff suffered a head injury which might later cause chronic traumatic encephalopathy (CTE).

III. The complaint fails to state a claim against the named defendants.

The complaint does not state whether plaintiff is a pretrial detainee or an inmate serving a sentence. In either event, a two-pronged deliberate indifference test, described below, determines whether there has been an Eighth or Fourteenth Amendment violation

for failure to protect or failure to provide medical care.  See Hooks v. Atoki, 983 F.3d 1193, 1203-04 (10th Cir. 2020).

The Supreme Court has assumed that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners."  Farmer v. Brennan, 511 U.S. 825, 833 (1994)(quoting Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).

> [A] failure to meet this duty violates the [Constitution] only when two requirements are met. First, the alleged deprivation must be "sufficiently serious" under an objective standard. . . . Second, the prisoner must show that the defendant prison officials had subjective knowledge of the risk of harm.  In other words, an official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008)(quoting Farmer, 511 U.S. at 834 and 837); see also Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018).  A mere showing that an assault occurred and that defendants were negligent is insufficient to state a claim for failure to protect under § 1983.  Trotter v. Wade, 1995 WL 472786 *1 (D.Kan. 7/31/1995)(citing Davidson v. Cannon, 474 U.S. 344 (1986)); see also Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993)(deliberate indifference requires "a higher degree of fault than negligence").

Plaintiff must allege facts showing that "defendants actually knew of but disregarded a serious risk to him, rather than that

they should have been aware of possible danger." Johnson v. Gilchrist, 2009 WL 1033755 *4 (D.Kan. 4/16/2009). "The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm." Turner v. Okla. Cty. Bd. of Cty. Comm'rs, 804 Fed. Appx. 921, 926 (10th Cir. 2020) (unpublished) (citing Marbury v. Warden, 936 F.3d 1227, 1236 (11th Cir. 2019) (per curiam) (internal quotation marks omitted); Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996) (same)). Mental illness is also common in jails and prisons. See Wallace v. Baldwin, 895 F.3d 481, 484 (7th Cir. 2018); Jones v. Kuppinger, 2015 WL 5522290 *3-4 (E.D.Cal. 9/17/2015); Wilson v. Stickman, 2005 WL 1712385 *2 (E.D.Pa. 2005). "[S]ubjective awareness of only some risk of harm to a prisoner is insufficient for a deliberate-indifference claim." Turner, 804 Fed.Appx. at 926 (citing Marbury, 936 F.3d at 1238). Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." Id. (citing Marbury, 936 F.3d at 1238 (internal quotation marks omitted)).

The court will assume that plaintiff's allegations satisfy the objective component of the deliberate indifference standard, i.e., an objectively serious deprivation. They do not, however, make a plausible case that defendants Dedeke and Lt. Thorne had a subjective awareness of a specific and substantial risk of harm to

plaintiff.  Plaintiff does not allege that he was Brown's cellmate, that Brown had threatened plaintiff previously, that plaintiff or other inmates had warned anyone (including defendants) concerning a threat from Brown, or that Brown had injured other inmates previously.  The complaint also does not allege that either Dedeke or Thorne knew that plaintiff would attempt to break up a fight in the jail or that they were aware of a substantial and specific risk of harm to plaintiff or other inmates from staff reports of past incidents involving Brown.  Plaintiff merely alleges that jail staff have a duty to inform the jail commander of all incidents.  To reiterate, mere negligence in failing to take reasonable care to assess and react to the possibility of violence by Brown or other inmates with mental issues is not sufficient to state a constitutional claim.

In addition, plaintiff has failed to allege how each defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006).  A supervisory relationship alone is insufficient. Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). Conclusory allegations of involvement are also insufficient.  Kee v. Raemisch, 793 Fed.Appx. 726, 732 (10th Cir. 2019).  A plaintiff alleging supervisory liability must

show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds, 614 F.3d at 1199.

Plaintiff does not allege facts plausibly showing that a policy of denying mental health care to inmate Brown caused the attack upon plaintiff or that either defendant acted with deliberate indifference to a substantial threat of violence in following such a policy.

For the above-stated reasons, the complaint fails to state a claim for failure to protect. As already noted, conclusory statements are insufficient to describe a cause of action. Plaintiff's allegations regarding an absence of medical care and a violation of the Equal Protection Clause lack sufficient factual detail to describe deliberate indifference to a substantial medical need or unconstitutional discrimination. These claims must also fail as currently alleged.

IV. Conclusion

The court grants plaintiff time until January 5, 2022 to show cause why this case should not be dismissed or to file an amended complaint which corrects the deficiencies identified in the original complaint. If plaintiff does not file a timely and sufficient response or an amended complaint stating a plausible

claim which may be heard in this court, this case may be dismissed. An amended complaint should be written on court-approved forms and contain every claim plaintiff wishes to litigate in this case.  It should not refer back to the original complaint.  If plaintiff's address changes, he is obliged to inform the court of the change of address.  D.Kan.R. 5.1(c)(3).

**IT IS SO ORDERED.**

Dated this 7th day of December 2021, at Topeka, Kansas.

s/Sam A. Crow
U.S. District Senior Judge