IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DONALD M. McALISTER,

               Plaintiff,

vs.                                                              Case No. 21-3258-SAC

ANDREW DEDEKE and
LT. ERIC THORNE,

               Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action alleging violations of his constitutional rights in relation to his incarceration at the Leavenworth County Jail. Plaintiff brings this case pursuant to 42 U.S.C. § 1983.[1] The court screened plaintiff's original complaint and directed plaintiff to show cause why the complaint should not be dismissed or file an amended complaint. Doc. No. 4. Plaintiff has filed an amended complaint. Doc. No. 5. This case is before the court for the purposes of screening the amended complaint pursuant to 28 U.S.C. § 1915A. The court applies the same screening standards reviewed at pp. 1-3 of Doc. No. 4.

---

[1] Title 42 United States Code Section 1983 provides a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage of any State . . . causes to be subjected, any citizen of the United States . . . to the deprivation of by rights, privileges, or immunities secured by the Constitution and laws [of the United States]."

1

I. The amended complaint

Plaintiff alleges that he is serving a sentence in the Leavenworth County Jail. He further alleges that on October 24, 2021, an inmate named Eric Brown attacked another inmate. Plaintiff moved to break up the fight and Brown stopped before plaintiff reached him. They walked together toward their cell or cells when Brown stopped and confronted plaintiff. Plaintiff said, "Don't do it," but Brown struck plaintiff on the left side of plaintiff's head, injuring plaintiff's eye.

Plaintiff asserts that Brown's history of violent behavior "is known to everyone in town," including jail staff and administration, and that "jail administration was well informed of [Brown's] violent state" well before the incident occurred. He asserts that Brown once tried to fight an inmate named "Levi" and jail staff allowed Levi to move out to another cell. Plaintiff also alleges that two inmates chose to go to segregation instead of obeying an order to share a cell with Brown. He further states that there is a journal book which records daily activities and events which would inform defendants of the risk of harm from Brown.

Plaintiff alleges that the fighting incident could have been avoided if defendant Thorne and the jail staff followed "administration policy in custody level system for dangerous high level security inmates to low min[imum] security." Doc. No. 5, p.

2. Plaintiff asserts that Brown is a high-level security inmate who should be isolated from other inmates because he is violent and has mental health issues. Plaintiff further claims there is no mental health care service to prevent more incidents from happening.

Plaintiff alleges that after he was injured by Brown, he was told to put in a medical request sick call for which he was charged $5.00 when he believes the defendants were at fault.

Plaintiff names two defendants: Andrew Dedeke, the Sheriff of Leavenworth County, and Lt. Eric Thorne, the jail commander. He alleges claims under the Eighth and Fourteenth Amendments. The main claim appears to be that defendants failed to protect plaintiff from assault and battery by inmate Brown. The amended complaint also mentions a denial of "equal protection" and "due process of law."

II. The complaint fails to state a claim against the named defendants.

A two-pronged deliberate indifference test, described below, determines whether there has been an Eighth Amendment violation for failure to protect or failure to provide medical care. See Hooks v. Atoki, 983 F.3d 1193, 1203-04 (10th Cir. 2020).

The Supreme Court has assumed that "prison officials have a duty to protect prisoners from violence at the hands of other prisoners." Farmer v. Brennan, 511 U.S. 825, 833 (1994)(quoting

3

Cortes-Quinones v. Jimenez-Nettleship, 842 F.2d 556, 558 (1st Cir. 1988)).

> [A] failure to meet this duty violates the [Constitution] only when two requirements are met. First, the alleged deprivation must be "sufficiently serious" under an objective standard. . . . Second, the prisoner must show that the defendant prison officials had subjective knowledge of the risk of harm. In other words, an official "must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008)(quoting Farmer, 511 U.S. at 834 and 837); see also Requena v. Roberts, 893 F.3d 1195, 1214 (10th Cir. 2018). A mere showing that an assault occurred and that defendants were negligent is insufficient to state a claim for failure to protect under § 1983. Trotter v. Wade, 1995 WL 472786 *1 (D.Kan. 7/31/1995)(citing Davidson v. Cannon, 474 U.S. 344 (1986)); see also Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993)(deliberate indifference requires "a higher degree of fault than negligence").

Plaintiff must allege facts showing that "defendants actually knew of but disregarded a serious risk to him, rather than that they should have been aware of possible danger." Johnson v. Gilchrist, 2009 WL 1033755 *4 (D.Kan. 4/16/2009). "'The unfortunate reality is that threats between inmates are common and do not, under all circumstances, serve to impute actual knowledge of a substantial risk of harm.'" Turner v. Okla. Cty. Bd. of Cty.

Comm'rs, 804 Fed. Appx. 921, 926 (10th Cir. 2020)(quoting Marbury v. Warden, 936 F.3d 1227, 1236 (11th Cir. 2019)(per curiam) (internal quotation marks omitted); and citing Prater v. Dahm, 89 F.3d 538, 541 (8th Cir. 1996)(same)). Mental illness is also common in jails and prisons. See Wallace v. Baldwin, 895 F.3d 481, 484 (7th Cir. 2018); Jones v. Kuppinger, 2015 WL 5522290 *3-4 (E.D.Cal. 9/17/2015); Wilson v. Stickman, 2005 WL 1712385 *2 (E.D.Pa. 2005).

"[S]ubjective awareness of only some risk of harm to a prisoner is insufficient for a deliberate-indifference claim." Turner, 804 Fed.Appx. at 926 (citing Marbury, 936 F.3d at 1238). Rather, "officials must possess enough details about a threat to enable them to conclude that it presents a strong likelihood of injury, not a mere possibility." Id. (citing Marbury, 936 F.3d at 1238 (internal quotation marks omitted)).

The court will assume that plaintiff's allegations satisfy the objective component of the deliberate indifference standard, i.e., an objectively serious deprivation. They do not, however, make a plausible case that defendants Dedeke and Lt. Thorne had a subjective awareness of a specific and substantial risk of serious harm to plaintiff. Plaintiff does not allege that he and Brown were cellmates. He does not assert that Brown had threatened plaintiff before the incident where plaintiff was injured. Nor does he allege that plaintiff or other inmates had warned anyone

5

(including defendants) before October 24, 2021 concerning a threat from Brown or that Brown had injured other inmates before that date. Plaintiff only alleges that Brown had tried to fight an inmate named Levi once and that two inmates refused an order to be Brown's cellmate, choosing instead to go to segregation. This is insufficient to establish deliberate indifference. See Bistrian v. Levi, 696 F.3d 352, 371 (3rd Cir. 2012). Plaintiff's claim that defendants had full knowledge of a substantial risk of violence from Brown because of a journal of daily events or Brown's reputation in town is a merely a conclusory claim.[2] It is not entitled to a presumption of truth. But, even if it were, it does not plausibly establish defendants' subjective awareness of a substantial risk of serious harm to plaintiff. And, of course, mere negligence in failing to take reasonable care to assess and react to the possibility of violence by Brown or other inmates is not sufficient to state a constitutional claim.

In addition, plaintiff has failed to allege how each defendant personally participated in the deprivation of his constitutional rights. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. Trujillo v. Williams, 465 F.3d 1210, 1227 (10th Cir. 2006). A supervisory

---

[2] Plaintiff alleges broadly that there were several other incidents reported in the daily event book, but does not describe any of the incidents or who was involved.

relationship alone is insufficient. Dodds v. Richardson, 614 F.3d 1185, 1195 (10th Cir. 2010). Conclusory allegations of involvement are also insufficient. Kee v. Raemisch, 793 Fed.Appx. 726, 732 (10th Cir. 2019). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds, 614 F.3d at 1199.

Plaintiff does not allege facts plausibly showing that the inmate classification policy or the denial of mental health care caused plaintiff's injuries or that either defendant acted with deliberate indifference to a substantial threat of violence in administering or creating such policies.

For the above-stated reasons, the complaint fails to state a claim for failure to protect. As already noted, conclusory statements are insufficient to describe a cause of action. Plaintiff's allegations regarding an absence of medical care and a violation of the Equal Protection Clause and the Due Process Clause lack sufficient factual detail to describe deliberate indifference to a substantial medical need, unconstitutional

discrimination, or the denial of due process by a named defendant. Therefore, these claims must also fail.[3]

III. Conclusion

For the above-stated reasons, the court finds that plaintiff has failed to state a claim for relief and the court directs that this case be dismissed.

**IT IS SO ORDERED.**

Dated this 12th day of January 2022, at Topeka, Kansas.

s/Sam A. Crow  
U.S. District Senior Judge

---

[3] Many courts have held that it is not unconstitutional to ask inmates to pay a small portion for needed medical care as long as such care is not conditioned upon payments an inmate is unable to pay.  See Tijerina v. Patterson, 507 Fed.Appx. 807, 810 (10th Cir. 2013); Cannon v. Mason, 340 Fed.Appx. 495, 499 (10th Cir. 2009); Dale v. Friend, 2021 WL 308154 *4 (D.Kan. 1/29/2021)(citing several cases).